IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JENNIFER BUERGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1014-CV-W-SOW |
| | ) |
| RYAN STEUCK, et al., | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT AND ORDER APPROVING
## SETTLEMENT OF WRONGFUL DEATH CLAIM

Now on this __14__ day of November, 2006, this cause comes to be heard upon plaintiffs' Application for Approval of Wrongful Death Settlement against Defendants Ryan Stueck, Clayton Sidwell, Ken Cargill, Lone Jack Police Department, City of Lone Jack, Phillip Leslie, Lake Lotawana Police Department and City of Lake Lotawana. Plaintiff, Jennifer Buerge, individually and as natural mother and guardian of Jacob Frank Buerge, minor, appears in person, and by and through her counsel of record. Wrongful death class members, Frank Buerge, June Buerge, and Michael Waylon Buerge, minor, by and through his natural mother and guardian, Sondra Duggar, appear by Affidavits. Defendants appear by and through their counsel of record. There are no other appearances.

The parties announce that, subject to the approval of the Court, they have agreed to waive a trial by jury and submit the issues of plaintiff's settlement with defendants to this Court. Plaintiff has filed with this Court her Application for Approval of Wrongful Death Settlement against defendants and request that this Court enter its judgment in

{120208.DOC} 1

accordance therewith. The Court, having considered the evidence presented and being fully advised in the premises, does hereby find as follows:

1. This action arises from the death of Michael T. Buerge on or about September 28, 2002.

2. Plaintiff, Jennifer Buerge, is the surviving spouse of decedent, Michael T. Buerge. Plaintiff is a member of the class of persons entitled to recover damages for the alleged wrongful death of Michael T. Buerge under Mo. Rev. Stat. § 537.080.

3. At the time of his death, Michael T. Buerge was survived by the following individuals: Jennifer Buerge, spouse; Michael Waylon Buerge, minor natural son; Jacob Frank Buerge, minor natural son; Frank Buerge, natural father and June Buerge, natural mother.

4. Although Michael Waylon Buerge, Jacob Frank Buerge, Frank Buerge and June Buerge are not named plaintiffs in this action, they have been notified of this cause of action and of the wrongful death settlement approval and apportionment hearing pursuant to §537.080 R.S.Mo. and §537.095 R.S.Mo.

5. There are no other known individuals as defined in class (1) of §537.080 RSMo. who are entitled to bring or join in a wrongful death action as a result of Michael T. Buerge's death.

6. Plaintiff understands this action could proceed to trial by a jury and a verdict and judgment in excess or less than the amount of the proffered settlement consideration could be awarded, but even though this result might be achieved, it is her belief that this settlement, as set forth in the Release, is in the best interest of plaintiff

and asks that the Court approve and apportion this settlement. Plaintiff further understands that upon approval of this settlement, all claims against the defendants in this suit, foreseen or unforeseen, in any way arising out of or related to the alleged injuries and wrongful death of decedent Michael T. Buerge, will be forever barred.

7. Plaintiff has entered into a settlement agreement with defendants whereby defendants are to pay $335,000.00 in exchange for a release of any and all claims and actions against the defendants for the alleged injuries and wrongful death of decedent Michael T. Buerge.

8. The Court, having received the statements of counsel and the affidavits of plaintiff and the wrongful death class members, and having examined the evidence in the instant cause, finds the settlement fair and reasonable and approves the settlement.

9. Plaintiff has agreed to pay her attorneys a contingency fee of 33 1/3 % of any amounts collected after the deduction of litigation expenses. The attorneys' fees ($111,254.69) and litigation expenses ($1,235.92) as agreed upon by the plaintiff are fair and reasonable.

10. Plaintiff represents to the Court a fair division of proceeds of the proposed settlement after the deduction of attorneys' fees and expenses would be as follows:

| | | |
|---|---|---|
| a. | Jennifer Buerge | $50,509.39 |
| b. | Frank and June Buerge | $12,000.00 |
| c. | Michael Waylon Buerge, minor, by and through his natural mother and guardian, Sondra Duggar | $80,000.00 |

      d.      Jacob Frank Buerge, minor,      $80,000.00
             by and through his natural mother
             and guardian, Jennifer Buerge

11. The combined sum of $160,000.00 of the settlement proceeds for the benefit of minor claimants, Michael Waylon Buerge and Jacob Frank Buerge, will be paid to Hartford CEBSCO for the purchase of structured settlement annuities. Said annuities will be issued by Hartford Life, rated A+ by A.M. Best, and will provide for payments in the following manner:

**TO PAYEE: Michael Waylon Buerge***
    $ 15,000.00    Paid annually beginning on 08/01/2011 and payable for 4 years (4 payments) guaranteed. The last payment will be made on 08/01/2014.
    $ 80,950.00    Lump Sum Payment on 06/30/2023
*The named beneficiary for the structured settlement annuity for Michael Waylon Buerge is Sondra Duggar.

**TO PAYEE: Jacob Frank Buerge***
    $ 25,000.00    Paid annually beginning on 08/01/2018 and payable for 4 years (4 payments) guaranteed. The last payment will be made on 08/01/2021.
    $100,000.00    Lump Sum Payment on 04/30/2030
*The named beneficiary for the structured settlement annuity for Jacob Frank Buerge is Jennifer Buerge.

12. Said distribution represents a fair and equitable division of the proceeds in accordance with their proportional loss.

13. The Court finds that the proposed division of the proceeds is equitable; that it is in the best interest of the wrongful death class members; and that it represents a proper and fair division of the settlement proceeds in proportion to the losses suffered by the wrongful death class members.

It is, therefore, ORDERED, ADJUDGED and DECREED that:

1. The proposed settlement of $335,000.00 is fair and equitable to the members of the wrongful death class and is hereby approved;

2. Plaintiff, Jennifer Buerge, is directed to execute the proposed Release;

3. Plaintiff, Jennifer Buerge, is directed to pay The Law Offices of Tim Dollar, L.C. attorneys' fees ($111,254.69) and litigation expenses ($1,235.92) which are determined to be fair and reasonable;

4. Plaintiff, Jennifer Buerge, is directed to distribute the proceeds of the proposed settlement, after the deduction of attorneys' fees and expenses as follows:

   a. Jennifer Buerge                $50,509.39

   b. Frank and June Buerge          $12,000.00

5. Defendants are directed to distribute $160,000.00 of the settlement proceeds to Hartford CEBSCO for the purchase of structured settlement annuities on behalf of minor claimants, Michael Waylon Buerge and Jacob Frank Buerge. Said annuities will be issued by Hartford Life, rated A+ by A.M. Best, and will provide for payments in the following manner:

   **TO PAYEE: Michael Waylon Buerge***
   $ 15,000.00   Paid annually beginning on 08/01/2011 and payable for 4 years (4 payments) guaranteed. The last payment will be made on 08/01/2014.
   $ 80,950.00   Lump Sum Payment on 06/30/2023
   *The named beneficiary for the structured settlement annuity for Michael Waylon Buerge is Sondra Duggar.

{120208.DOC}                              5
Case 4:05-cv-01014-SOW   Document 35   Filed 11/14/06   Page 5 of 6

**TO PAYEE: Jacob Frank Buerge***
  $ 25,000.00   Paid annually beginning on 08/01/2018 and payable for 4 years (4 payments) guaranteed. The last payment will be made on 08/01/2021.
  $100,000.00   Lump Sum Payment on 04/30/2030
  *The named beneficiary for the structured settlement annuity for Jacob Frank Buerge is Jennifer Buerge.

6. Defendants shall be and are hereby forever discharged of and from all civil liabilities for the alleged injuries and wrongful death of Michael T. Buerge, and the claims of plaintiff Jennifer Buerge, and any others who are entitled to make a claim under Mo. Rev. Stat. § 537.080, arising therefrom;

7. That plaintiff's action against the defendants in this case is dismissed with prejudice to the refiling thereof.

**IT IS SO ORDERED** this _14_ day of _Nov._, 2006.

_/s/ Scott O. Wright_
Judge